IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>SGT. PETERSEN, et al.,<br><br>    Defendants. | No. C 12-2480 YGR (PR)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED; AND ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

## INTRODUCTION

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining of acts and omissions that occurred in 2005 and 2006. The Court will require Plaintiff to address the apparent untimeliness of the complaint before considering whether the action should proceed any further. His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred in Salinas Valley State Prison (SVSP), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants from SVSP: Sergeants Petersen, Manzo, Kessler, Begley, Mercado, Sotelo, Sullivan; Captain Ponder; Correctional Officers McBride, Wright, Luna, Roque, Locke, E. Sanchez, Guards, S. Espey, D. Beatty, J. Rodriquez, D. Crawford, J. Fajardo, A. Fernandez, O. Ponce, M. Zornes, T. Robinson, J. Bowen, M. Lopez, Torres, and R. Sanchez; Library Technical Assistants McDonald and Powel; Nurse W. Delfs; and Physician Nguyen. Plaintiff seeks monetary damages.

Plaintiff also requests the appointment of counsel to represent him in this action.

## DISCUSSION

**I.**    **Initial Review of Complaint**

    **A.**    **Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are

frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's complaint was signed on April 25, 2012, came to the Court in an envelope with an April 30, 2012 postmark, and was stamped "FILED" on May 16, 2012. As mentioned above, in his complaint, Plaintiff alleges various constitutional violations by Defendants that occurred in 2005 and 2006.

Section 1983 does not contain its own limitations period, so the Court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense

appears complete and obvious from the face of the complaint because this action was filed more than four years after the acts and omissions alleged in the complaint occurred.

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1.  The Court cannot now determine whether Plaintiff receives tolling for the disability of imprisonment because he has not alleged the length of his sentence.

The limitations period may be subject to equitable tolling.  Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)).  Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

In another action before this Court, Case no. C 10-04010 YGR (PR), Plaintiff alleged that he suffers from mental illness.  In an Order dated January 10, 2013, Plaintiff was also ordered to show cause why that action should not be dismissed on untimeliness grounds.  (Jan. 10, 2013 Order in Case no. C 10-04010 YGR (PR) at 3.)  A plaintiff can avoid dismissal only if he can show that he was "insane" at the "time the cause of action accrued." Cal. Code of Civ. Proc. 352(a).  If he was insane at such time, "the time of the disability" will not count toward the filing period. *Id.*  Plaintiff, then, must show that he was insane, not simply mentally ill.  For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct. App. 1968); *cf. Feeley v. Southern Pac. Trans. Co.*, 234 Cal. App. 3d 949, 952 (Cal. Ct. App. 1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (Cal. Ct. App. 1988) (post-traumatic stress disorder does not count as "insanity" that tolls the limitations period).  There is nothing in the present record showing that Plaintiff was "incapable of caring for his property or

3

transacting business, or understanding the nature or effects of his acts."  In order to make a sufficient showing, Plaintiff must provide specific details as to the nature and length of his disability.  Plaintiff is reminded that the statute of limitations can be tolled only for the period during which he was in fact insane.

In the present case, the claims appear on the face of the complaint to be time-barred because the acts and omissions giving rise to the claims took place in 2005 and 2006, more than four years before this action was filed in May 2012.  Plaintiff will be required to file a response to this Order, showing cause why the action should not be dismissed as time-barred, as directed below.  In his response, Plaintiff also must state the length of his sentence for the Court to be able to determine whether he is entitled to any tolling for his imprisonment.  Furthermore, Plaintiff is not limited to arguing only equitable tolling, or tolling based on "insanity" as explained above  -- he may submit any argument he has to show that the statute of limitations does not bar this action.

## II.     Request for Appointment of Counsel

As mentioned above, Plaintiff requests the appointment of counsel to represent him in this action.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*

The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist.  The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex.  Accordingly, Plaintiff's request is DENIED.

4

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint appears to be time-barred. Plaintiff must file a written response showing cause why this action should not be dismissed as barred by the statute of limitations. Plaintiff's response must be filed no later than **twenty-eight (28) days** from the date of this Order. Failure to file the response by the deadline will result in the dismissal of this action without prejudice.

2. Plaintiff's request for appointment of counsel is DENIED WITHOUT PREJUDICE.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: February 12, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.12\Morris2480.OSC(sol).wpd     5