United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

         Plaintiff,

   v.

PETERSEN, et al.,

         Defendants.

Case No.   12-cv-02480-WHO (PR)

**ORDER OF SERVICE;**

**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

**INTRODUCTION**

      This is a second lawsuit filed by plaintiff Leon Morris against officers and medical staff at the Salinas Valley State Prison.  The first dealt with 19 incidents and 36 correctional officers in 2004-2005; I recently allowed service after dismissing the bulk of the claims under Federal Rule of Civil Procedure 20 because they were unrelated by fact and law.  *Morris v. Evans*, Case No. 10-04010 (WHO), Dkt. No. 23 (Oct. 20, 2014).  This complaint picks up where the last left off in 2005, alleging under 42 U.S.C. § 1983 18 more incidents in 2005-2006 against 27 defendants.  It suffers from the same defects as Morris's earlier one.  Most of the incidents appear unrelated and do not, on their own, rise to the level of a constitutional violation.  The allegations of a conspiracy are not sufficiently detailed to be plausible.

Given my responsibility to preliminarily screen Morris's complaint pursuant to 28 U.S.C. § 1915A(a), I will limit this lawsuit to the earliest potentially plausible claim — that in June 2005, correctional officers Fernandez and Kessler violated his right to due process in connection with a Rules Violation Report hearing. Dkt. No. 1, p.5. In this regard, I direct defendants to file in response to the operative complaint a dispositive motion, or notice regarding such motion, on or before February 3, 2015, unless an extension is granted. I further direct that defendants adhere to the notice provisions detailed in Section 10 of the conclusion of this order.

Judge Gonzalez-Rogers issued an Order To Show Cause on February 12, 2013, questioning whether Morris's claim is untimely. Dkt. No. 5. Defendants may wish to file a motion to dismiss on such grounds, but they are not required to do so. If defendants file such a motion, they must discuss Morris's contention that the statute of limitations does not bar his claims because the claims were in nearly continuous litigation, and rarely out of the courts. Dkt. No. 6.

## DISCUSSION

### A. Standard of Review

Morris is a pro se state prisoner. A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In this review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b) (1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).[1]

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

---

[1] This case was transferred to me on June 27, 2013, but inexcusably escaped my attention until quite recently. I apologize for the delay in addressing it.

United States District Court
Northern District of California

1    (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has

2    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3    reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

4    *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

5    conclusions cast in the form of factual allegations if those conclusions cannot reasonably

6    be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

7    (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

8    essential elements:  (1) that a right secured by the Constitution or laws of the United States

9    was violated, and (2) that the alleged violation was committed by a person acting under the

10   color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

11          Under Federal Rule of Civil Procedure 20, persons may be joined in one action as

12   defendants only if "(A) any right to relief is asserted against them jointly, severally, or in

13   the alternative with respect to or arising out of the same transaction, occurrence, or series

14   of transactions or occurrences; and (B) any question of law or fact common to all

15   defendants will arise in the action."

16   **B.     Legal Claims**

17          Morris raises 18 claims against 27 defendants, all employees of Salinas Valley State

18   Prison.[2]  He alleges that **(1)** in March 2005, correctional officer Mercado took and refused

19   to return Morris's property, including his copy of the Koran, violating his due process

20   rights and his rights under RLUIPA, the Religious Land Use and Institutionalized Persons

21   Act, 42 U.S.C. § 2000cc; (Compl. at 3–4);[3] **(2)** in June, August and September 2005,

22   correctional officers T. Robinson, M. Torres, J. Fajardo searched his cell to abuse and

23   retaliate against Morris; (*id.* at 4); **(3)** in June 2005, A. Fernandez and Kessler violated his

24   right to due process in connection with a Rules Violation Report hearing; (*id.* at 4–5);

25   **(4)** August 2005, Peterson failed to remove an industrial shower mat that had been placed

26

27   _____

28   [2] The amended complaint groups the eighteen separate incidents into twelve "claims," but each
     incident will be considered a claim for purposes of this analysis.
     [3] The page numbers are those generated by the Court's electronic filing system.

3

in front of Morris's cell, over which correctional officers A. Fernandez and J. Brewen forced Morris to trip and injure himself, an act of retaliation for filing grievances; (*id.* at 5–6); **(5)** in August 2005, T. Robinson and J. Fajardo removed his legal materials from his cell and J. Perez failed to intervene (*id.* at 10); **(6)** also in August 2005, T. Robinson, J. Fajardo, S. Espey, and D. Perez removed his legal materials (*id.*); **(7)** in September 2005, Dr. Nguyen provided constitutionally inadequate health care by decreasing the amount of Morris's prescribed medication, an act of retaliation (*id.* at 8–9); **(8)** in September 2005, Registered Nurse William, without any authority, terminated his prescribed pain medications, an act of retaliation (*id.* at 9); **(9)** in September 2005, S. Espey threw a peanut butter packet at Morris, who suffered a laceration when it hit him (*id.* at 6); **(10)** in October 2005, Peterson used excessive force against Morris by repeatedly pepper-spraying him (*id.* at 6–7); **(11)** Peterson would not let him clean up properly after being pepper-sprayed (*id.*); **(12)** Morris's cell was never properly decontaminated after the pepper-spraying (*id.*); **(13)** in August 2006, J. Rodriguez used excessive force against him in retaliation for Morris filing a grievance (*id.* at 7–8); **(14)** law librarians McDonald and Powell retaliated against him by failing to provide him with requested legal materials (*id.* at 8); **(15)** C. Jones, R. Sanchez, J. Fajardo, Arubias, and Peterson stole his legal mail and his confidential medical records (*id.*); **(16)** Beatty failed to give Morris a proper mattress (*id.* at 11); **(17)** Roque, Sullivan, and Espey failed to accommodate his medical condition (*id.*); and **(18)** from June 2005 to June 2006, S. Espey, J. Fajardo, Torres, D. Crawford, A. Hernandez, M. Nornes, M. Lopez, O. Ponce, R. Sanchez, Peterson, Sullivan, McBride, Kessler, and Locke repeatedly withheld, or served incomplete, meals as an act of retaliation (*id.* at 12).

Morris attempts to link these disparate events by alleging that they are acts of retaliation by the Salinas Valley correctional officers (whom he collectively calls the "Greenwall Gang") who dislike Morris because of his litigiousness. He cites as proof of this plan of retaliation conversations he overheard among correctional officers on April 6, 2006 (*id.* at 13–14), and some direct admissions by officers that they were acting out of

4

United States District Court
Northern District of California

1    retaliation for his filing of grievances and lawsuits against them.

2         This is insufficient to justify the inclusion of these disparate claims in one action.

3    The April 2006 conversation contains general threats of retaliation, but fails to link the 27

4    defendants and the 18 claims together.  More specifically, it occurred in 2006 and fails to

5    link any specific claims in 2005 or 2006 to the threats to retaliate.  As for the alleged

6    admissions, each one might indicate that the specific act related to that admission was

7    retaliatory, but in no way links these 18 disparate claims together.

8         Morris's claims, involving 27 different defendants committing different acts

9    (deprivation of due process, deliberate indifference to serious medical needs, withholding

10   mail and other property, excessive force, and withholding or serving incomplete meals,

11   among other claims) at different times over two years, are unrelated by fact or law.  They

12   run afoul of Federal Rule of Civil Procedure 20.

13        Only the earliest plausible claim may proceed here — that in June 2005,

14   correctional officers A. Fernandez and Kessler violated his right to due process in

15   connection with a Rules Violation Report hearing.[4]  When liberally construed, this claim is

16   _____

17   [4] Claims 1 and 2, though first in time, were not selected because they would be subject to
     dismissal because they do not contain sufficient factual matter to state claims under § 1983.  As to
18   Claim 1, neither the negligent nor intentional deprivation of property states a claim under § 1983 if
     the deprivation was, as was alleged here, random and unauthorized.  *See Parratt v. Taylor*, 451
19   U.S. 527, 535–44 (1981).  The availability of an adequate state post-deprivation remedy, e.g., a
     state tort action, precludes relief because it provides sufficient process.  *See Zinerman v. Burch*,
20   494 U.S. 113, 128 (1990).  California law provides an adequate post-deprivation remedy for any
     property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't
21   Code §§ 810–895).  Also, his citation to RLUIPA does not save the claim.  He has failed to state
     facts that the taking of his Koran was intended to thwart his exercise of religion, or did in fact
22   thwart such exercise.  Under RLUIPA, a plaintiff must prove that (1) an institutionalized person's
     religious exercise has been affected and (2) there is a substantial burden on that person's religious
23   exercise.  42 U.S.C. 2000cc-1(a), 2000cc-2(b); *Sefeldeen v. Alameida*, 238 Fed. App'x. 204, 205-
     06 (9th Cir. 2007).  A "substantial burden" is imposed under RLUIPA only when "individuals are
24   forced to choose between following the tenets of their religion and receiving a governmental
     benefit [citations omitted] or coerced to act contrary to their religious beliefs by the threat of civil
25   or criminal sanctions [citation omitted].  Any burden imposed on the exercise of religion short of
     that described by [the omitted cases] is not a "substantial burden" within the meaning of
26   [RLUIPA]."  *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1069-70 (9th Cir. 2008).
     Morris has made no such factual showing here.  As to Claim 2, Morris has not stated sufficient
27   facts to state a claim for retaliation.  He states that the cause of the searches was an undated
     statement made by Lieutenant Biaggini to unnamed correctional officers to "tear up" Morris's cell.
28   Yet, Morris does not provide the date on which this occurred or the names of the correctional
     officers that heard it.  Because of this, he fails to link factually Biaggini's alleged statement to the

cognizable under § 1983.  The remaining claims are DISMISSED without prejudice to Morris bringing them in separate actions, either in state or federal court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (Docket No. 1), all attachments thereto, and a copy of this order upon A. Fernandez and Kessler, correctional officers at Salinas Valley State Prison.  The Clerk shall also mail courtesy copies of the amended complaint and this order to the California Attorney General's Office.

2.      No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.      If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

many allegedly retaliatory searches that occurred.

4.      Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.     A recent decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939–41 (9th Cir. 2012).  Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any

7

fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.   When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.   Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.   If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.   If summary judgment is granted, your case will be dismissed and there will be no trial.   *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**Dated:**  November 3, 2014

WILLIAM H. ORRICK
United States District Judge