UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,
Plaintiff,

v.

PETERSEN, et al.,
Defendants.

Case No. 12-cv-02480-WHO (PR)

**ORDER DENYING MOTION TO DISQUALIFY**

## INTRODUCTION

For the second time, plaintiff Leon Morris moves to disqualify me on grounds of bias and prejudice. As in his other motion, he asserts that I have shown favoritism toward defendants in a variety of ways. (Mot. to Disqualify ("MTD"), Docket No. 15, at 3.) Morris's motion and accompanying declaration are not legally sufficient to show bias or prejudice. I am aware of no reason that would support disqualification. For those reasons, it is appropriate for me to decide this motion, and it is DENIED.

## BACKGROUND

Morris's complaint, which is a continuation of the one he filed in another civil rights action (*Morris v. Evans*, Case No. 10-04010 (WHO)), alleges a further 18 varied claims (interference with mail, unjustly terminating medical prescriptions, excessive force, deprivation of meals) against 27 defendants at Salinas Valley State Prison regarding events

that occurred in 2005 and 2006.[1] As in the prior action, in the Order of Service; Order Directing Defendants to File A Dispositive Motion or Notice Regarding Such Motion; Instructions to Clerk (the "Screening Order," Docket No. 11), I dismissed without prejudice all but one claim because the other claims were not related to the first possibly viable claim. (Screening Order at 5.) I also again raised the concern, echoing a point made by the prior judge in this matter, that the recognized claim may be untimely. (*Id.* at 2.)

As noted in the prior order denying that motion to disqualify, Morris attempted to raise these same claims in two prior actions, one in 2005 and the other in 2007, well before the instant action was assigned to me. *See Morris v. Woodford*, No. C 05-4677 MJJ, and *Morris v. Woodford*, No. 07-4198 MJJ. Neither of these actions was allowed to proceed. In each one, the court denied Morris's pauper application because he had filed at least three prior actions that had been dismissed as frivolous or malicious, or for failure to state a claim, and dismissed the action without prejudice to Morris bringing those claims in an action for which he paid the full filing fee. The dismissal in the 2005 case was affirmed on appeal in Ninth Circuit Case No. 06-15869. The dismissal in the 2007 case was appealed, and the appeal was dismissed in Ninth Circuit Case No. 08-15956.

The Court's response to Morris's current lawsuit was different. This action is proceeding despite the failure of Morris's prior attempts and the age of his claims. My predecessor granted his pauper application, alerted him to the possibility that his claims may be untimely, gave him an opportunity to address that concern. After I discovered that the matter had been transferred to me and had not been acted upon, I entered the Screening Order, which allowed service of the first possibly viable claim in the complaint and dismissed the remaining claims without prejudice.

[1] In *Evans*, No. 10-4010, Morris's allegations covered events at Salinas Valley in 2004 and 2005.

**DISCUSSION**

Morris contends that I have "clearly shown an unwillingness to be fair and impartial." (MTD at 3.) My dismissal of nearly all his claims allegedly shows "favoritism" toward defendants, whom he claims I am determined "to protect and shield" from "just legal action for their blatant violation" of his rights. (*Id.*) Specifically, Morris believes that the Court was prejudiced against him because it (1) refused to serve all his claims, which he contends were sufficiently related to each other to fall under one civil rights action; (2) "intentionally minimizes the seriousness of each incident";[2] (3) did not rule on Morris's response to the prior judge's order to show cause and suggested to defendants that the claims may be untimely; and (4) delayed issuing a screening order. (*Id.* at 3-5.)

A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a Section 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion

[2] Morris also objects to the Court's saying that he calls the Salinas Valley prison guards the "Greenwall Gang," when the guards created that appellation and use it to refer to themselves. It is not clear how this indicates bias or prejudice.

where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under Sections 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under Section 144 will raise a question concerning recusal under Sections 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

As in the prior motion to disqualify, Morris's allegations of prejudice and bias do not show that a reasonable person would conclude that the presiding judge's impartiality might reasonably be questioned. First, as a general matter, merely ruling against Morris is not sufficient to show prejudice or bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); *Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). Bias or prejudice cannot be shown here merely because the Screening Order, a ruling in the course of judicial proceedings, did not dispose of the claims in the way Morris would have liked, that is, service of all his claims. The Court dismissed all but one of his claims because, as was stated in the order, the majority of the claims were not related by fact or law, and many claims were simply not legally cognizable.

Contrary to Morris's assertion, the defendants were not shielded. Two were served, and, because his remaining claims were dismissed without prejudice, Morris is free to raise his other claims in separate civil rights actions, which he has done through two recently-filed complaints.[3]

Second, Morris points to nothing in the order that shows in any way that I did not

[3] They are *Morris v. Travis*, No. 14-5134 (WHO), and *Morris v. McBride*, No. 14-5269 (WHO).

take his allegations seriously, or that I made light of them. The opposite is true. I allowed Morris's allegations to proceed, whereas his prior complaints had been dismissed altogether. While I cannot say what the ultimate outcome of the case may be, the Screening Order provided, rather than denied, Morris with an opportunity to seek relief.

Third, the Court did not decide the timeliness question at the time of screening, and suggested to defendants that it should be briefed, because it wishes to allow Morris another chance of saving his decade-old claims.

Fourth, while I took responsibility for the Court's regrettable delay in screening, that delay certainly did not result from my bias or prejudice. Finally, the complaint Morris filed against me with the Judicial Council of the Ninth Circuit will have no effect on my rulings.

In sum, Morris's allegations categorically fail to establish any basis, under either Section 144 or Section 455, for a determination that my impartiality might reasonably be questioned. They are insufficient as a matter of law. Accordingly, Morris's motion to disqualify (Docket No. 15) is DENIED.

The Clerk shall terminate Docket No. 15.

**IT IS SO ORDERED.**

**Dated:** January 5, 2015

WILLIAM H. ORRICK
United States District Judge