1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

LEON E. MORRIS,

Case No.  12-cv-02480-WHO (PR)

Plaintiff,

12
13

v.

**ORDER OF DISMISSAL**

14

PETERSEN, et al.,

15

Defendants.

Dkt. No. 25

16
17

**INTRODUCTION**

18       Defendants move to revoke plaintiff Leon Morris's *in forma pauperis* ("IFP") status

19   and dismiss this federal civil rights action because he has filed at least three prior lawsuits

20   that were dismissed because they were frivolous, malicious, or failed to state a claim.  Not

21   all of the cases listed by defendants count as strikes, but at least three do.  Accordingly,

22   defendants' motion is GRANTED, Morris's IFP status is REVOKED, and the action is

23   DISMISSED without prejudice to Morris filing a new action accompanied by full payment

24   for the filing fee of $400.00.

25       **DISCUSSION**

26       Defendants assert that Morris has filed at least six prisoner lawsuits and appeals that

27   were dismissed on grounds that they were frivolous, malicious, or failed to state a claim

28   for relief.  According to defendants, these prior suits justify the revocation of Morris's IFP

United States District Court
Northern District of California

status under 28 U.S.C. § 1915. [1]

A prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. *See id.*  Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar IFP status for him. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

---

[1] Defendants note that Morris has filed close to three dozen prisoner lawsuits and appeals in federal courts while incarcerated.  Dkt. No. 25, p.3.

United States District Court
Northern District of California

Defendants have given Morris notice that the following dismissals may be counted as dismissals for purposes of § 1915(g):  (1) *Morris v. Duncan, et al.*, No. 02-00928 MJJ (N.D. Cal. May 3, 2002) (civil rights action dismissed at screening for failure to state a claim); (2) *Morris v. Silvers*, No. 98-01381 (S.D. Cal. Sep. 14, 1998) (civil rights action dismissed for lack of subject matter jurisdiction); (3) *Morris v. Lushia, et al.*, No. 00-55330 (9th Cir. Mar. 27, 2000) (appeal dismissed for lack of jurisdiction); (4) *Morris v. Lushia, et al.*, No. 00-56600 (9th Cir. Apr. 16, 2001) (appeal dismissed for failure to pay filing fee); (5) *Morris v. Woodford, et al.*, No. 06-15869 (9th Cir. Jun. 11, 2007) (appeal dismissed and judgment of district court summarily affirmed on the merits); and (6) *Morris v. Woodford, et al.*, No. 08-15956 (9th Cir. Aug. 13, 2008) (appeal dismissed for failure to pay filing fee).  Morris does not address any of these cases specifically in his Opposition. (Docket No. 29.)  I will evaluate each of them.

The first action, *Morris v. Duncan*, et al., No. 02-0928, is a strike.  (MTD, RJN, Ex. A.)  The action was dismissed for failure to state a claim, a de facto Rule 12(b)(6) dismissal that is the sort of dismissal encompassed by § 1915(g).  *See Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("we conclude that Congress intended for the three-strikes rule to count 12(b)(6) dismissals").  A judge in this District previously counted *Duncan* as a strike (e.g., *Morris v. Woodford*, No. 07-4198 MJJ), as has another judge in the Eastern District (e.g., *Morris v. Daly*, No. 2:12-cv-02845 LKK JFM (PC)).

The second action, *Morris v. Silvers*, No. 98-01381, is <u>not</u> a strike.  The district court action was dismissed on *Younger* abstention[2] and ripeness grounds, that is, a dismissal based on a lack of subject matter jurisdiction, which is a de facto 12(b)(1) dismissal.  (MTD, RJN, Ex. B.)  Such a dismissal does not qualify as a strike for purposes of  § 1915(g).  *Moore*, 657 F.3d at 894; *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 437 (D.C. Cir. 2007) ("in enacting section 1915(g), Congress chose to mirror the

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971) directs that under certain circumstances federal courts should abstain from interfering with on-going state judicial proceedings.

United States District Court
Northern District of California

language of Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1)").  The Ninth Circuit has specifically rejected the Eastern District's determination that *Silvers* is a strike.  *Morris v. Nangalama*, *et al.*, No. 13-17058 (9th Cir. Feb. 11, 2014), Docket No. 7.

The third action, *Morris v. Lushia*, No. 00-55330, is likely not a strike either.  The appeal was dismissed on grounds of jurisdiction because the district court's order was not final or appealable.  (MTD, RJN, Ex. C.)  The Ninth Circuit has declined to hold that appeals dismissed for lack of jurisdiction count as strikes.  *Andrews*, 398 F.3d at 1120-21.

The fourth action, *Morris v. Lushia, et al.*, No. C 00-56600, an appeal, is a strike.  The district court certified that the appeal was not taken in good faith.  (MTD, Ex. D at 4.)  The Ninth Circuit agreed, required Morris to pay the full filing fee, and then dismissed the appeal when he failed to do so.  (*Id.*)  An appeal dismissed because the appellate court relied on a district court's findings that the appeal was not taken in good faith counts as a strike.  "Not in good faith" is equivalent to a finding of "frivolous" within the meaning of § 1915.  *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (citing *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir.1977).

The fifth action, *Morris v. Woodford, et al.*, No. 06-15869, an appeal, is a strike.  The appeal was "terminated on the merits after submission without oral hearing" and without any appearance or filings by appellees.  (MTD, Ex. E at 3.)  Such a summary disposal on the merits without briefing or oral argument indicates that the appeal was "frivolous" in the sense that it was "of little weight or importance" and "having no basis in law or fact."  *Andrews*, 398 F.3d at 1121.

The sixth action, *Morris v. Woodford, et al.*, No. 08-15956, an appeal, is likely not a strike.  The district court denied Morris's IFP application under § 1915(g), and then dismissed the action because he failed to show that prior actions were not strikes.  The Ninth Circuit denied Morris's IFP application, ordered him to pay the full filing fee and to "show cause why the judgment challenged in this appeal should not be summarily affirmed."  (MTD, Ex. F at 2.)  Morris failed to pay the filing fee, and the appeal was consequently dismissed.  (*Id.* at 1.)

In most cases, those circumstances would indicate that the appeal is a strike. In this case, they may not. The district and appellate courts relied on *Morris v. Silvers*, No. 98-1381, and *Morris v. Lushia*, No. 00-55330, cases that this Court has determined are not strikes. Because this Court does not think that either of those cases are strikes, it is disinclined to see *Woodford*, No. 08-15956, as a strike.

Instead of challenging any specific strike, Morris alleges that because other courts (including this one) have allowed him to proceed IFP, he should be allowed to proceed as a pauper in the instant action.[3] (Opp. at 1.) He cites three federal cases, none of which aid him here. In the first, *Morris v. Evans*, et al., No. 10-4010[4] (first assigned to Judge Susan Illston and later assigned to me), Morris was granted IFP status despite allegations that he had three strikes. A review of the order, however, shows that Judge Illston considered only three actions, all of which this Court considered above (*Duncan*, *Silvers*, and *Lushia*, No. 00-55330). The other actions defendants raise here were not considered.

In the second, *Morris v. Daly*, No. 12-02845 LKK JFM (E.D. Cal. Jul. 2, 2013), Morris was allowed to proceed IFP despite allegations that he had three strikes. That court considered the same three actions mentioned above, all of which this Court considered. It did not consider the other actions defendants raise here.

In the third, *Morris v. Nangalama*, cited above, the Ninth Circuit rejected the Eastern District's determination and allowed Morris to proceed IFP because the Eastern District court relied on *Silvers*, which, as discussed above, is not a strike.

In sum, of the six cases cited by defendants, the Court finds that Morris has three strikes within the meaning of § 1915(g). Those strikes are (1) *Morris v. Duncan*, *et al.*, No. 02-0928, (2) *Morris v. Lushia, et al.*, No. C 00-56600, and (3) *Morris v. Woodford, et*

---

[3] Morris omits that other courts, including this one, have either revoked his IFP status or rejected his pauper applications. (MTD at 9.)
[4] Morris mistakenly gives the case number as 10-1040. (Opp. at 1.)

United States District Court
Northern District of California

1    *al.*, No. C 06-15869.[5]

2          Morris therefore may proceed IFP only if he is seeking relief from a danger of

3    serious physical injury which is "imminent" at the time of filing.  *Andrews*, 398 F.3d at

4    1052–53.  Morris has not alleged, much less shown, that he falls under the imminent

5    danger exception.

6                                          **CONCLUSION**

7          Based on the foregoing, defendants' motion (Docket No. 25) is GRANTED, the

8    order granting IFP status to Morris (Docket No. 4) is VACATED, and his IFP status is

9    REVOKED.  The Court finds that, pursuant to *Andrews*, 398 F.3d at 1121, Morris has been

10   given notice of the potential applicability of § 1915(g) by defendants in their motion

11   requesting the Court to revoke his IFP status.  Morris has failed to meet his burden of

12   showing that § 1915(g) does not bar IFP status for him.  Therefore, a dismissal under

13   § 1915(g) is proper because Morris has had an opportunity to be heard on the matter before

14   dismissing the action.  *See id.* at 1120.  Accordingly, this action is DISMISSED without

15   prejudice to Morris filing a new paid complaint.  *See* 28 U.S.C. § 1915(g).

16         The Clerk shall terminate Docket No. 25, enter judgment in favor of defendants,

17   and close the file.

18         **IT IS SO ORDERED.**

19   **Dated:**  August 13, 2015



20   _____
     WILLIAM H. ORRICK

21   United States District Judge

22

23

24

25

26   [5] Defendants contend that this Court should revoke Morris's IFP status because the Eastern
     District has denied or revoked Morris IFP status in four cases not discussed above.  (MTD
27   at 9.)  This Court will not rely on the Eastern District's determinations.  In those cases, the
     district court relied on a prior order of this Court, *Morris v. Woodford*, No. 07-4198 MJJ.
28   *Woodford* was based in part on *Silvers* and *Lushia*, No. 00-55330, two cases this Court has
     determined are not strikes.

United States District Court
Northern District of California